# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

R. GARY SCHREIBER, etc., et al.,          )
                                          )
                Plaintiffs,          )      Case No. 2:05-cv-00574-LDG-PAL
                                          )
vs.                                       )      **ORDER**
                                          )
ROBERT KNIEVEL, etc., et al.,             )      (M/Sanctions - #66)
                                          )
                Defendants.          )
                                          )
_____)

      This matter is before the court on defendant Kelly Knievel's Motion for Sanctions Under Fed. R. Civ. P. 11 (#66) filed June 16, 2006. The plaintiff filed a Response (#68) on June 30, 2006, and Kelly Knievel filed a Reply (#71) on July 14, 2006.

## **BACKGROUND**

      Kelly Knievel filed this motion requesting sanctions under Rule 11 of the Federal Rules of Civil Procedure on the basis of alleged deficiencies in the plaintiffs' complaint. He argues that the plaintiffs did not make a reasonable inquiry into the facts prior to filing their claims in this lawsuit, made allegations lacking in evidentiary support at the time they were filed, and made allegations based on information and belief that were not likely to have evidentiary support at the time they were filed. (Mot. at 1:22-25.) Specifically, Kelly Knievel argues that the plaintiffs alleged in Paragraphs 19 and 26, respectively, of the complaint the following facts without reasonable inquiry, basis or support:

      1. Evel and Kelly entered into a plan and scheme to deprive the Schreibers of the benefits of the Rights Agreement.

      2. Plaintiff is informed and believes that Defendants have conspired together to assist Evel to avoid his objections to the Plaintiffs under the

1  aforementioned and grants, to avoid writs of execution and Internal
2  Revenue Service garnishments and collection efforts by transferring
3  income earned by Evel to Kelly.

(Mot. at 2:8-14.) In addition, Kelly Knievel contends that the allegations contained in counts IV, VII, VIII and IX of the complaint which assert fraud, fraudulent inducement, oppression, malice, and conspiracy claims were made "without justification or basis." (Mot. at 2:15-22.) Knievel argues plaintiffs have not produced any evidence to support these claims in discovery to date and that the complaint itself "fails to allege any factual allegations supporting fraud, malice, oppression, or a conspiracy." (Id. at 4:2-4.) Thus, he contends, the only objective conclusion is that the plaintiffs lacked a reasonable basis for these claims.

In their Response, the plaintiffs argue that Kelly Knievel has not met his burden of proving Rule 11 violations because the motion does not set forth any evidence that the plaintiffs have violated Rule 11. In addition, the plaintiffs argue that Kelly Knievel wrongly focuses on individual counts rather than looking at the pleading as a whole. Specifically, the plaintiffs point to a series of letters, agreements, and conversations with individuals in the entertainment industry that made them aware that the defendant Kelly Knievel was asserting ownership of certain intellectual property rights of Evel Knievel that plaintiffs contend were purchased by them from Evel Knievel in 1982. Many of these documents are attached to plaintiffs' Response as exhibits. Counsel for plaintiffs represents he reviewed over one thousand documents, interviewed Gary Schrieber, concluded that a letter purporting the transfer intellectual property rights from Schreiber to Kelly Knievel was a forgery, and, therefore, made an adequate prefiling inquiry to warrant the complaint allegations in dispute here.

**DISCUSSION**

Fed. R. Civ. P. 11 "provides for the imposition of sanctions when a motion is frivolous, legally unreasonable, or brought for an improper purpose." McMahon v. Best, 2000 WL 1071828, 6 (N.D. Cal. 2000), See, Fed. R. Civ. P. 11(b); Conn v. Bourjorquez, 967 F.2d 1418, 1420 (9th Cir. 1992). The rule requires the moving party to serve a copy of the motion requesting sanctions upon the adverse party at least 21 days prior to filing the motion with the court. Id., at 7, See, Fed. R. Civ. P. 11(c)(1)(A).

/ / /

This 21-day time period provides the offending party the opportunity to withdraw or correct the allegedly defective filing.

A court considering a motion pursuant to Rule 11 must do two things: (1) decide whether a Rule 11 violation has occurred, and (2) decide whether to impose sanctions. McMahon, 2000 WL 1071828 at 7, citing, Warren v. Guelker, 29 F.3d 1386 at 1389. If the Court determines that Fed. R. Civ. P. 11(b) has been violated, it may impose appropriate sanctions upon the attorneys, law firms, or parties that are responsible for the violation. The main objective of Rule 11 is to deter baseless filings and curb litigation abuses. Salman v. State of Nevada Comm. On Judicial Discipline, 104 F. Supp.2d 1262 (D.Nev. 2000). Pursuant to Rule 11 sanctions must be imposed upon litigants and counsel who file baseless papers without first conducting a reasonable and competent inquiry. Schutts v. Bentley Nevada Corp., 966 F.Supp. 1549 (D. Nev. 1997). The test for determining whether a Rule 11 violation has occurred is one of objective reasonableness. Operating Engineer's Pension Trust v. G.C. Wallace, Inc., 159 F.R.D. 536 (D. Nev. 1994).

Having reviewed the parties' respective briefs and attached exhibits, the court finds Kelly Knievel has not established that the complaint allegations in dispute here were baseless, or made without first conducting a reasonable and competent inquiry. The disputes between the parties in this case are intensely factual in nature. It remains to be seen whether plaintiffs can prove the claims asserted against Kelly Knievel by the requisite legal standard. However, the court is not persuaded that making the allegations constitutes a Rule 11 violation.

Accordingly,

**IT IS ORDERED** that defendant Kelly Knievel's Motion for Sanctions Under Fed. R. Civ. P. 11 (#66) is DENIED.

Dated this 17th day of August, 2006.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE